UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 11-20217-CIV-KING

MIRTA KHAN,

      Plaintiff,

v.

H&R BLOCK EASTERN ENTERPRISES, INC.
d/b/a H&R BLOCK,

      Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION *IN LIMINE*

**THIS MATTER** comes before the Court upon Defendant H&R Block Eastern Enterprises' Motion *in Limine* (DE #17), filed September 30, 2011. Therein, Defendant seeks to prohibit the following evidence: 1) testimony from various H&R block employees, including former opt-in plaintiffs in the *Illano* action, co-plaintiffs in *Greene*, or who were named plaintiffs in the Khan Class Action; 2) evidence of other claims, lawsuits, or investigations against H&R Block; 3) documents not produced in discovery; 4) witnesses not identified in discovery; 5) relative wealth, financial condition, power, or size of the parties or their counsel; 6) lay opinion on questions of law; and 7) "Golden Rule" references.

As an initial matter, the Court notes that the Defendant filed this Motion only one week prior to the pretrial conference, set for October 7, 2011, and well past the August 8, 2011 deadline for filing motions. Due to the timing of this Motion, the Court does not have the benefit of Plaintiff's response. Nonetheless, the Defendant's Motion informs the Court so that it is able to rule on a number of Defendant's requests. The Court grants in part Defendant's Motion with

1

regard to Requests 1, 2, 5, 6, and 7. The Court reserves ruling on Requests 3 and 4 as they necessitate a response from the Plaintiff.

1. *Testimony at Trial*: Plaintiff will not be permitted to rely upon lay testimony of individuals without any personal knowledge relevant to Plaintiff's claims. Here, where Plaintiff would introduce witnesses of former opt-in plaintiffs in the *Illano* action, co-plaintiffs in *Greene*, or named plaintiffs in the Khan Class Action, all of whom have no personal knowledge of Plaintiff's claim, such evidence does not satisfy Federal Rule of Evidence 602, which states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. As such, unless based upon personal knowledge as to the specific basis for Plaintiff's claims, any testimony proffered by the former opt-in plaintiffs in the *Illano* action, co-plaintiffs in *Greene*, or named plaintiffs in the Khan Class Action regarding their experiences at other H&R Block offices, under different H&R Block managers, and during time periods in which Plaintiff was not employed by H&R Block at all or at the particular office or with the particular supervisor, is disallowed.

2. *Evidence of Other Lawsuits*: Plaintiff may not introduce any evidence, statement, or argument of any other claims, lawsuits or investigations regarding, or making reference to, other wage and hour lawsuits brought against H & R Block. Such evidence has no likelihood of proving any material facts relevant to Plaintiff's claims, particularly where this Court has previously found that class treatment is inappropriate here. *See Palmer v. Bd. of Regents of Univ. Sys. of Ga.*, 208 F.3d 969, 972-73 (11th Cir. 2000). As such, all such evidence will be excluded from trial.

3. *Evidence Not Produced in Discovery*: Defendant contends that Plaintiff should be prohibited from relying upon evidence that was not produced by Plaintiff in response to Defendant's relevant discovery requests. The burden is on the Defendant to specify the discovery requests to which Plaintiff failed to respond. Because Plaintiff has not yet had an opportunity to respond to this claim, the Court reserves ruling on this issue until oral argument at the pretrial conference set for October 7, 2011.

4. *Witnesses Not Identified in Discovery:* Defendant contends that Plaintiff should be prohibited from presenting witnesses at trial that Plaintiff failed to identify in initial Rule 26 disclosures or in her discovery responses to H&R Block. The burden is on the Defendant to specify the discovery requests to which Plaintiff failed to respond. Because Plaintiff has not yet had an opportunity to respond to this claim, the Court reserves ruling on this issue until oral argument at the pretrial conference set for October 7, 2011.

5. *Relative Financial Condition of the Parties*: Because any evidence of Defendant's or Defendant's counsel's relative wealth, financial condition, power, or size and any relative disparity between the parties is irrelevant and immaterial to any material facts at issue, no party shall make any such reference during trial. *See, e.g., W. Union Tel. Co. v. Cashman*, 132 F. 805, 808 (5th Cir. 1904) (finding error where evidence of corporate wealth was admitted with view to obtaining enhanced compensatory damage).[1]

6. *Questions of Law:* Pursuant to FED. R. EVID. 701, lay opinion testimony on issues of law is prohibited.

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206. 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding all Fifth Circuit precedent decided prior to September 30, 1981.

7. *The Golden Rule:* Pursuant to FED. R. EVID. 401 and 402, the Eleventh Circuit has held that "Golden Rule" references are improper. *See McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068 (11th Cir. 1996).

Accordingly, being fully advised of the Defendant's legal positions after review of this Motion, it is **ORDERED, ADJUDGED, and DECREED** that:

1. Defendant's Motion *In Limine* (DE #17) be, and the same is hereby, **GRANTED in part** with respect to Requests 1, 2, 5, 6, and 7. The Court reserves ruling on Requests 3 and 4 until oral argument at the pretrial conference on **October 7, 2011 at 2:30 p.m**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 5th day of October, 2011.

*[Signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:

**Counsel for Plaintiff:**

**Anthony Maximillien Georges-Pierre**
Remer & Georges-Pierre PLLC
11900 Biscayne Boulevard
Suite 288
North Miami, FL 33181
305-416-5000
Fax: 305-416-5005
Email: agp@rgpattorneys.com

**Jason Saul Remer**
Remer & Georges-Pierre PLLC
11900 Biscayne Boulevard
Suite 288
North Miami, FL 33181
305-416-5000
Fax: 305-416-5005
Email: jremer@rgpattorneys.com

**Counsel for Defendant:**

**Dennis Michael McClelland**

Phelps Dunbar
100 S Ashley Drive
Suite 1900
Tampa, FL 33602-5311
813-472-7865
Fax: 472-7570
Email: dennis.mcclelland@phelps.com

**Reed Lock Russell**
Phelps Dunbar LLP
100 S. Ashley Drive
Suite 1900
Tampa, FL 33602
(813) 472-7550
Email: reed.russell@phelps.com

**Dennis A. Clifford**
Seyfarth Shaw, LLP
700 Louisiana
Suite 3700
Houston, TX 77002
713-225-2300
Email: dclifford@seyfarth.com

**Kate L. Birenbaum**
Seyfarth Shaw, LLP
700 Louisiana
Suite 3700
Houstaon, TX 77002
713-225-2300
Email: kbirenbaum@seyfarth.com